IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John Victor Witt, # 354135,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Mr. Bright, Kirkland Correctional Institute, David Dejoza, *Supervisor over Maintenance*, Major Jackson, and Bernard McKie, *Warden*,<br><br>　　　　　　　Defendants. | Civil Action No. 6:15-280-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　　The plaintiff is an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections ("SCDC"). This civil rights action arises out of an incident at Kirkland Correctional Institution where the plaintiff was previously incarcerated. The plaintiff alleges that Mr. Bright, an employee of the SCDC, cursed and shoved him on the morning of March 24, 2014 (doc. 1 at 3). The plaintiff also states that several inmates and a correctional officer witnessed the incident (*id*.). The plaintiff contends that the witnessing correctional officer was forced to rewrite the incident report to protect Mr. Bright (*id*.). The plaintiff indicates that he reported the incident to Major Jackson, who stated that he was not aware of prior incidents of inmate abuse by Mr. Bright (*id*.).

　　　　　The plaintiff filed a grievance (No. KCI-0365-14), but the Division of Investigations and Warden McKie found no grounds to support the plaintiff's allegations (*id*. at 4–5). The plaintiff filed a Step 2 appeal, which was denied (doc. 1-2 at 1). The plaintiff then appealed to the South Carolina Administrative Law Court (ALC Docket No. 14-ALJ-04-0761-AP). On December 19, 2014, the South Carolina Administrative Law Court dismissed the plaintiff's appeal (doc. 1-2 at 1–3).

After the incident, the plaintiff was transferred to the Turbeville Correctional Institution. As a result of his transfer to the Turbeville, the plaintiff no longer works as a plumber (*id*. at 3–4). The plaintiff also alleges that Mr. Bright should be stopped or reprimanded and that Mr. Bright has had similar incidents with other inmates (*id*. at 4). He claims he has suffered mental stress and emotional damage and lost his prison job as a plumber, which would have advanced his career upon his release from prison (*id*.). The plaintiff further contends there was a conflict of interest between the Warden and the Division of Investigations, and he believes there should be an independent investigation of the incident (*id*.).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The one-time incident of shoving on March 24, 2014, does not constitute an actionable violation of the plaintiff's constitutional rights under *Wilkins v. Gaddy*, 559 U.S. 34 (2010). In *Wilkins*, 559 U.S. at 36-40, the Supreme Court held that the core judicial inquiry when a prisoner alleges that prison officers used excessive force is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

In other words, physical injuries are not an absolute prerequisite for an excessive force claim. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992) ("the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.").

There is no allegation that the plaintiff suffered any physical injury as a result of the incident on March 24, 2014. *See Strickler v. Waters*, 989 F.2d 1375, 1380–1381 n. 9 (4th Cir. 1993) ("At a minimum, an inmate must specifically describe not only the injury but also its relation to the allegedly unconstitutional condition."), which involved a decision on summary judgment.  Even so, the "absence of serious injury" is relevant in an Eighth Amendment inquiry. *Wilkins*, 559. U.S. at 39 (noting that the extent of injury may provide some indication of the amount of force applied).  The Supreme Court in *Wilkins* specifically stated that a push or shove that causes no injury does not give rise to an excessive force claim: "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 38 (citing *Hudson v. McMillian*, 503 U.S. at 9 (not "every malevolent touch by a prison guard gives rise to a federal cause of action"), and *Johnson v. Glick*, 481 F.2d 1028, 1033 (2$^{d}$ Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."), *superannuated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989)).  Hence, defendant Bright's one-time shove of the plaintiff on March 24, 2014, does not constitute an actionable incident of excessive force. *See Arnold v. South Carolina Dep't of Corr.*, Civil Action No. 9:13-v-1273-JMC, 2014 WL 7369632, at *7 (D.S.C. Dec. 29, 2014).

The other defendants cannot be held responsible for the actions of defendant Bright because the doctrine of respondeat superior is inapplicable to § 1983 suits. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); and *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29

(4th Cir. 1977). Moreover, the remaining individual defendants were not involved in the incident of shoving by defendant Bright. *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007) (a plaintiff suing a government official in that official's individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right).

Although the plaintiff is unhappy about the loss of his plumber's job as a result of the transfer, there is no constitutional right to a prison job or prison training program. *Pruitt v. Moore*, Civil Action No. 3:02-0395-24BC, 2003 WL 23851094 , at *11 (D.S.C. July 7, 2003) ("A plaintiff has no constitutional right to participate in prison programs, so his ineligibility for prison work programs is not a deprivation of constitutional magnitude.")(citations omitted), *aff'd*, No. 03-7149, 86 Fed.App'x 615 (4th Cir. Feb. 6, 2004).

The plaintiff's alleged emotional distress as a result of the shoving incident is not actionable. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), the plaintiff is not entitled to relief for mental and emotional distress. *Merriweather v. Reynolds*, 586 F. Supp. at 558–59 (D.S.C. 2008) (collecting cases).

This court cannot reprimand defendant Bright. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court).

The plaintiff does not have standing to seek an "independent investigation" of the shoving incident. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina.

The Kirkland Correctional Institution is not a person subject to suit under 42 U.S.C. § 1983. Inanimate objects – such as buildings, facilities, and grounds – do not act

under color of state law.  *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

January 27, 2015                                                             s/ Kevin F. McDonald
Greenville, South Carolina                                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).