UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John Victor Witt, ) | Civil Action No.: 6:15-cv-00280-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mr. Bright; Kirkland Correctional ) | |
| Institute; David Dejoza, Supervisor over ) | |
| Maintenance; Major Jackson; Bernard ) | |
| McKie, Warden; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, currently incarcerated at the Turbeville Correctional Institution in Turbeville, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging excessive force. Specifically, Plaintiff alleges that Mr. Bright, an employee of SCDC, cursed and shoved him on or about March 24, 2014. As a result of the incident, Plaintiff alleges that he suffered and continues to suffer from mental and emotional distress and that he is required to take medication "for calming you down."

This matter is before the Court with the Report and Recommendation [ECF #11] of Magistrate Judge Kevin F. McDonald filed on January 27, 2015, which recommended summary dismissal of Plaintiff's complaint.[1]

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

---

[1] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Magistrate Judge recommended that Plaintiff's case be summarily dismissed because a one-time incident of shoving does not constitute an actionable incident of excessive force. The Magistrate Judge also concluded that the other individual defendants could not be held liable for Mr. Bright's actions because the doctrine of respondeat superior is inapplicable to § 1983 suits. With respect to Plaintiff's complaint regarding the loss of his plumber's job, the Magistrate Judge concluded that there was no constitutional right to a prison job or prison

training program. To the extent Plaintiff seeks to recover for mental or emotional injuries allegedly arising from the incident, the Magistrate Judge concluded that the Plaintiff is not entitled to relief for mental and emotional distress under the Prison Litigation Reform Act, 42 U.S.C. §1 1997e(e). The Magistrate Judge further concluded that Plaintiff did not have standing to seek an "independent investigation" and the Court could not "reprimand" Defendant Bright. Finally, the Magistrate Judge found that suit under 42 U.S.C. § 1983 against Kirkland Correctional Institution was not proper because Kirkland Correctional Institution was not a person subject to suit under § 1983.

Plaintiff argues in his objections that "physical injuries are not an absolute prerequisite for an excessive force claim." Plaintiff also argues that his claim of excessive force is actionable because the medical records stemming from the shoving incident show that he takes psychiatric medicine. In *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010), the Supreme Court stated that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Before *Wilkins*, courts would look to whether a plaintiff alleged more than a *de minimis* injury to determine whether the plaintiff had stated a claim for excessive force in violation of the 8th Amendment. In *Wilkins*, the Supreme Court shifted the inquiry, however, from the extent of Plaintiff's injury to the nature of the force applied to the plaintiff - "specifically, whether [the force] was nontrivial and 'was applied . . .maliciously and sadistically to cause harm.'" *Wilkins*, 559 U.S. at 39.

In his Complaint, Plaintiff alleges that: "I went to check out my tools, as I do every morning. Mr. Bright told me to 'Get the F... out of the tool room' and he shoved me." [Complaint, ECF# 1, at 3]. The facts as alleged by Plaintiff fail to establish that Mr. Bright

3

shoved plaintiff "maliciously and sadistically to cause harm." *See Wilkins*, 559 U.S. at 39. Accordingly, the one-time shoving incident between Mr. Bright and Plaintiff does not rise to the level of an actionable incident of excessive force.

Ordinarily, pursuant to 42 U.S.C. § 1997e(e), a prisoner cannot recover money damages for mental or emotional injuries without a prior showing of physical injury. *Perkins v. Dewberry*, 139 Fed. Appx. 599, 2005 WL 1793484, at *1 (4th Cir. July 28, 2005); *Blaine v. Fox*, No. 8:07-cv-807-RBH, 2007 WL 1423750 *1 (D.S.C. May 10, 2007). While physical injuries are not an absolute prerequisite for an excessive force claim, the absence of serious injury is relevant to the Eighth Amendment inquiry. Plaintiff does not request monetary or compensatory damages in his Complaint. Rather, Plaintiff requests "an Independent Investigation of the Incident." [Complaint, ECF# 1, at 5]. The Court agrees with the Magistrate Judge's conclusion that the Plaintiff does not have standing to seek an "independent investigation" of the shoving incident. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person).

Finally, to the extent Plaintiff challenges the loss of his plumber's job, there is no constitutional right to a prison job or prison training program. *See Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978) (custody classifications and work assignments are generally within the discretion of the prison administrator); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D.Va. 1997) (prisoner did not have a protected interest in continued

4

employment because lack of employment was clearly within the range of confinement which could be expected by most inmates).

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit.

Accordingly, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF #11] of the Magistrate Judge. This case is hereby **DISMISSED without prejudice and without issuance and service of process**.

**IT IS SO ORDERED**.

Florence, South Carolina     s/ R. Bryan Harwell
August 11, 2015              R. Bryan Harwell
                             United States District Judge

5